

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ULYESSES B. ADAMS                                    CIVIL ACTION

        v.

PENNSYLVANIA SUPREME COURT, et al.                    13-5457

MEMORANDUM

JONES, J.                                    SEPTEMBER 23, 2013

FILED
SEP 23 2013
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

     Plaintiff Ulyesses B. Adams brought this civil action
against the Pennsylvania Supreme Court, the Commonwealth Court,
and the Philadelphia Court of Common Pleas, based on his
dissatisfaction with the outcome of a lawsuit that he filed in
state court.  Plaintiff alleges that the state courts, in finding
against him, misquoted the law, permitted ex parte
communications, held a hearing in his absence, and prevented him
from presenting his case.  He submitted a complaint to the
Pennsylvania Supreme Court concerning the manner in which his
case was handled, but the complaint was not investigated.
Plaintiff initiated this action, apparently pursuant to 42 U.S.C.
§ 1983, asking this Court to hear the case that he lost in state
court.  He also seeks to proceed in forma pauperis.

     Plaintiff's motion to proceed in forma pauperis is granted
because he has satisfied the requirements set forth in 28 U.S.C.
§ 1915.  Accordingly, 28 U.S.C. § 1915(e)(2)(B) applies.  That
provision requires the Court to dismiss the complaint if, among
other things, it is frivolous.  A complaint is frivolous if it
"lacks an arguable basis either in law or in fact," Neitzke v.

1

<u>Williams</u>, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." <u>Deutsch v. United States</u>, 67 F.3d 1080, 1085 (3d Cir. 1995). Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

To the extent that plaintiff is complaining of injuries caused by the state courts' judgments and asking this Court to "review and reject" those judgments, the Court lacks jurisdiction pursuant to the <u>Rooker-Feldman</u> doctrine. <u>Great W. Mining & Mineral Co. v. Fox Rothschild LLP</u>, 615 F.3d 159, 166 (3d Cir. 2010) (district courts lack jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments") (quotations omitted). To the extent that this Court has jurisdiction over plaintiff's claims, the claims are dismissed as legally frivolous because Pennsylvania courts are entitled to Eleventh Amendment immunity from suit under § 1983 and, in any event, are not "persons" for purposes of that provision. <u>See</u> <u>Will v. Mich. Dep't of State Police</u>, 491 U.S. 58, 66 (1989) (explaining that § 1983 "does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties"); <u>Benn v. First Judicial Dist. of Pa.</u>, 426 F.3d 233, 235 n.1 & 241 (3d Cir. 2005) (holding that Pennsylvania courts share in the Commonwealth's Eleventh

Amendment immunity).

For the foregoing reasons, plaintiff's complaint is dismissed. Plaintiff will not be given leave to amend because amendment would be futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 112-13 (3d Cir. 2002). An appropriate order follows.

**ENTERED**

SEP 2 4 2013

CLERK OF COURT

9/24/13 mail.
Adams